DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-579-RJC
(3:08-cr-12-RJC-1)

| | |
|---|---|
| CORDARYL COLEMAN, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br>_____ ) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion to vacate will be dismissed as untimely.

**I. BACKGROUND**

On April 14, 2008, Petitioner pled guilty in this Court, pursuant to a written plea agreement, to conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Count One); robbery affecting interstate commerce and aiding and abetting the same, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2 (Count Two); and possession of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three). (Case No. 3:08-cr-12-RJC-1, Doc. No. 36: Plea Agreement; Doc. No. 91: Judgment). On February 17, 2009, this Court sentenced Petitioner to 70 months' imprisonment on Counts One and Two, to be served concurrently, and to 84 months' imprisonment on Count Three, to be served consecutively to Counts One and Two, for a total of 154 months' imprisonment. See (Id., Doc. No. 91). The

1

Court entered the judgment on March 16, 2009, and Petitioner did not appeal.

Petitioner placed the instant motion to vacate in the prison mail system on October 8, 2014, and the motion was stamp-filed in this Court on October 17, 2014. In the motion to vacate, Petitioner contends that his sentence is unconstitutional in light of the U.S. Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). Specifically, Petitioner contends that "<u>Alleyne v. United States</u> provides that [b]randishing was an element of the offense to be placed in my indictment, admitted to by me or otherwise proven beyond a reasonable doubt. Brandishing was not placed in my indictment, and if the language of brandishing was in my plea agreement, it was unbeknownst to me, my counsel and the Court as an element of the offense . . . ." (Doc. No. 1 at 4). Petitioner is referring to the fact that this Court sentenced him to 84 months' imprisonment for the Section 924(c) conviction (Count Three), based on the Court's finding by a preponderance of evidence at sentencing that Petitioner brandished a gun during the robberies and was, therefore, subject to a seven-year mandatory minimum sentence on that count under Section 924(c)(1)(A)(ii). <u>See</u> (Case No. 3:08-cr-12-RJC-1, Doc. No. 111 at 17; 19: Sent. Hr'g Tr.).

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Petitioner's judgment was entered on March 16, 2009, and he did not appeal. Therefore, his judgment became final ten days after entry of judgment. See FED. R. APP. P. 4(b) (giving ten days to file a notice of appeal, amended to fourteen days effective December 1, 2009); Clay v. United States, 537 U.S. 522, 527 (2003). Because Petitioner did not file his motion to vacate until on or around October 8, 2014, his motion is untimely under Section 2255(f)(1).

Petitioner concedes that he did not file the Section 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely

3

under Sections 2255(f)(3) and 2255(f)(4), and he contends that the "[i]ssue takes precedence over procedural statute of limitations, due to significant Constitutional ramifications." (Doc. No. 1 at 12). However, neither Section 2255(f)(3) nor 2255(f)(4) applies to render the petition timely. To the extent that Petitioner is attempting to argue that his petition is timely because it was filed within one year of Alleyne, this contention has no merit because Alleyne was decided on June 17, 2013, which was more than one year before Petitioner filed the petition. In any event, the Supreme Court has not made Alleyne retroactive on collateral review. See United States v. Stewart, 540 F. App'x 171, 172 (4th Cir. 2013); cf. United States v. Strayhorn, 743 F.3d 917, 926 (4th Cir. 2014) (quoting Griffin v. Kentucky, 479 U.S. 314, 328 (1987)). Thus, even if the petition were timely, Petitioner would not be entitled to relief under Alleyne. In sum, Petitioner's motion to vacate is untimely.[1]

## IV.     CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion to vacate is dismissed as untimely.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is unnecessary because Petitioner addressed the statute of limitations issue in his petition, and Petitioner's explanation indicates no confusion over the timeliness issue.

certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge